UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. CV 13-00915-CJC(JPRx)                                    Date: March 25, 2013

Title: KTS KARAOKE, INC., ET AL. V. EMI BLACKWOOD MUSIC INC., ET AL.

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

Michelle Urie                                                                    N/A
Deputy Clerk                                                                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                               None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTION TO STAY ACTION** [filed 3/4/13]

Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for April 1, 2013 at 1:30 p.m. is hereby vacated and off calendar.

**INTRODUCTION AND BACKGROUND**

Plaintiffs KTS Karaoke, Inc., a California corporation, and Timmy Sun Ton, KTS' president, (together, "KTS") filed this action on February 7, 2013 against EMI Blackwood Music Inc., a Connecticut corporation, EMI April Music Inc., a Connecticut Corporation, Colgems-EMI Music Inc., a Delaware Corporation, EMI Gold Horizon Music Corp., a New York Corporation, EMI U Catalog Inc., a New York corporation, EMI Unart Catalog Inc., a New York Corporation, Jobete Music Co. Inc., a Michigan Corporation, and Stone Diamond Music Corporation, a Michigan Corporation (collectively, "EMI Entities"). KTS filed this action one week after the EMI Entities filed a copyright infringement suit against it in the Southern District of New York (the "New York Action"), alleging that KTS and other individuals and entities infringed on approximately 633 of the EMI Entities' music copyrights by distributing, advertising,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 13-00915-CJC(JPRx)                                    Date:  March 25, 2013
                                                                                            Page 2

recording, and placing upon the market products which contain unauthorized and unlicensed recordings of the copyrighted works and graphic displays of the lyrics of the copyrighted works.[1]

In the instant action, which concerns the same 633 copyrighted works as those at issue in the New York Action, KTS seeks a declaratory judgment that the EMI Entities lack standing to assert copyright claims because they do not own the claimed copyright interests; that KTS has not infringed on any rights of the EMI Entities; that if any acts of infringement occurred they occurred as a result of the EMI Entities' actions and/or inaction in allowing the subject karaoke discs to be placed in the stream of commerce without taking reasonable steps to stop their manufacture and distribution at the source; and, that the EMI Entities are limited to one recovery per work and cannot recover a second (or more) time for the re-distribution of the same songs which the EMI Entities have previously recovered from others.  KTS also states a second cause of action for unfair competition and unfair trade practices.  (Dkt. No. 1 [Compl.] ¶¶ 20, 22.)

The EMI Entities now move to dismiss the Complaint, or in the alternative, to transfer or stay this action.  The EMI Entities argue that this action should be dismissed under the first-to-file rule, that transfer is warranted under 28 U.S.C. § 1404, and that, while it is unnecessary for this Court to reach the issue, the Complaint's claims are legally baseless or at best compulsory counterclaims in the New York Action.  In opposing the motion, KTS argues that the Central District of California is the proper and most convenient venue for the issues to be litigated, that the EMI Entities have engaged in forum shopping, and that there is already litigation in this district between KTS and the EMI Entities' parent company, Sony/ATV Music Publishing LLC ("Sony/ATV").  KTS argues that New York courts do not have jurisdiction over KTS Karaoke, Inc. or Mr. Ton and that venue in New York is improper.  For the following reasons, the Court **GRANTS** the EMI Entities' motion and **STAYS** this action in deference to the first-filed action and pending a determination by the court handling the New York Action ("the New York court") whether it has jurisdiction over KTS.

///
///
///

---

[1] The New York Action is *EMI Blackwood Music Inc., et al. v. KTS Karaoke, Inc. et al*, Southern District of New York Case No. 1:13-cv-00749-LLS.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 13-00915-CJC(JPRx)            Date: March 25, 2013
                                                                                          Page 3

**DISCUSSION**

The "first-to-file" rule is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). It affords a district court "discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997); *See Pacesetter* 678 F.2d at 95 ("Normally sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action."). It also helps to "avoid the embarrassment of conflicting judgments." *Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979). As a result, the rule "should not be disregarded lightly." *Id.* Yet, it is not "a rigid or inflexible rule to be mechanically applied," and the court should consider the circumstances of the case before applying it. *Pacesetter Sys.*, 678 F.2d at 95.

A court should consider three factors in determining whether to exercise its discretion and apply the first-to-file rule: "(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *EMC Corp. v. Bright Response, LLC*, No. C-12-2841 EMC, 2012 U.S. Dist. LEXIS 132513, at *4 (N.D. Cal. Sept. 17, 2012) (citing *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 625–626 (9th Cir. 1991)). "The issues and parties in the first and second action need not be identical, but 'substantially similar.' " *Id.*; *see also PETA, Inc. v. Beyond the Frame, Ltd.*, No. CV 10–07576 MMM (SSx), 2011 WL 686158, at *2 (C.D. Cal. Feb. 16, 2011) (explaining that the first-to-file rule's identity of the parties and issues requirements are flexible and met so long as the parties and issues are substantially similar or substantially overlap). Exceptions to the first-to-file rule will typically be made in circumstances involving bad faith, anticipatory suits, and forum shopping. *Alltrade*, 946 F.2d at 628. "Other circumstances may also warrant a rejection of the first-to-file rule — e.g., balance of convenience or sound judicial administration." *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 991 (N.D. Cal. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 13-00915-CJC(JPRx)                            Date: March 25, 2013
                                                                                                           Page 4

---

      Here, all three factors counsel in favor of applying the first-to-file rule. The New York Action was filed on February 1, 2013, while the instant action was not filed until February 7, 2013. Additionally, KTS clearly had notice of the New York Action when it filed its Complaint, as it was served with the New York Complaint and summons on February 5, 2013. Second, the parties in this action are all parties to the New York Action. The EMI Entities are the plaintiffs in the New York Action, and KTS Karoake, Inc. and Mr. Ton are among the defendants in that action. While the New York action does include additional defendants, that factor does not prevent the application of the first-to-file rule and indicates that the New York action may in fact litigate a more comprehensive set of issues than this case. Third, the issues in the cases are substantially similar. The same 633 works are at issue in both cases, and KTS attached the three exhibits to the New York Complaint filed by the EMI Entities to its own Complaint. In the New York Action, the EMI Entities seek to hold KTS liable for copyright infringement; here, KTS seeks a declaration of non-infringement.

      KTS does not contest that the New York Action was filed first or that the parties or issues are substantially similar. Rather, KTS urges that the Court make an exception to the first-to-file rule in this case because equitable considerations weigh in favor of litigating the action in the Central District of California. First, KTS argues that the EMI Entities have engaged in forum shopping by filing their action in New York. This argument is unavailing. All of the EMI Entities maintain their principal place of business in New York. (Decl. of Michael Abitbol ¶ 4.) Each of the corporate witnesses who would testify on behalf of EMI are in New York, as are the relevant documents, including copyright registrations, publishing agreements, license agreements, and proof of ownership documents. (*Id.* ¶¶ 5, 6, 8.) The EMI Entities did not engage in impermissible forum shopping by filing their action in the state of their principal place of business and where their witnesses and evidence are located, and were not required to consider KTS' preferences in deciding where to file their action. *See Stomp, Inc. v. Neato*, 61 F. Supp. 2d 1074, 1082 (C.D. Cal. 1999) ("[Plaintiff's] decision to sue in its home forum of California does not amount to impermissible forum shopping."); *Cardoza v. T-Mobile USA, Inc.*, No. 08-5120 SC, 2009 U.S. Dist. LEXIS 25895, at *9 (N.D. Cal. Mar. 18, 2009) ("A plaintiff's decision to sue in the forum where its company is based does not amount to impermissible forum shopping.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 13-00915-CJC(JPRx)                          Date:  March 25, 2013

Page 5

---

       Further, the fact that Sony/ATV and KTS are currently embroiled in litigation in this district does not appear to evidence bad faith on the EMI Entities' part in filing their case in New York.  Contrary to KTS' belief, the EMI Entities are not "wholly owned subsidiaries of Sony/ATV."  (Pls.' Opp'n at 5.)  Sony/ATV has no ownership interest in the EMI Entities but "administers [EMI Music Publishing] on behalf of an investor group made up of various entities."  (Suppl. Decl. of Michael Abitbol ¶ 2.)  Moreover, KTS has not filed a notice of related case and has represented to the EMI Entities' counsel that this action and the Sony/ATV action are not related.  (Decl. of Marc E. Mayer ¶ 2.)  Sony/ATV is also not a defendant in this case.  Given these circumstances, the Court cannot conclude that Sony/ATV and its counsel are attempting to "attack Plaintiff on two fronts" and "gam[e] the system."  (Pls.' Opp'n at 4–5.)

       KTS also argues that the New York court does not have jurisdiction over KTS Karaoke, Inc. or Mr. Ton.  That is an issue that should be litigated before the New York court because "[c]onsidering the nature of this dispute and the superior experience the [Southern District of New York] has in ruling on issues concerning its own jurisdiction, it would be presumptuous for this [C]ourt to decline to apply the first-to-file rule when the court whose jurisdiction is being challenged has not had an opportunity to fully consider the issue." *Am. Newland Cmtys., L.P. v. Axis Specialty Ins. Co.*, No. 11CV1217 JLS (WMC), 2011 U.S. Dist. LEXIS 128773, at *7 n.3 (S.D. Cal. Nov. 7, 2012) (citing *British Telecomms, PLC v. McDonnell Douglass Corp.*, No. C-93-0677, 1993 U.S. Dist. LEXIS 6345, at *12 (N.D. Cal. May 3, 1993)).  Similarly, KTS' argument that it is more convenient to litigate the action in the Central District of California should also be decided by the court in the first-filed action.  *Alltrade*, 946 F.2d at 628 ("As for the respective convenience of the two courts, 'normally [this argument] should be addressed to the court in the first-filed action.  Apprehension that the first court would fail to appropriately consider the convenience of the parties and the witnesses should not be a matter for our consideration . . . .  The court in the second-filed action is not required to duplicate this inquiry.' " (citing *Pacesetter*, 678 F.2d at 96–97)).

       The Court does not find sufficient cause to justify an exception to the first-to-file rule.  However, because KTS challenges the New York court's ability to exercise jurisdiction over KTS Karaoke, Inc. and Mr. Ton, the Court declines to dismiss or transfer the case.  Instead, it is more prudent to stay this action pending resolution of the jurisdictional issues before the New York court.  *See Alltrade*, 946 F.2d at 629 (jurisdictional uncertainty "at the very least [] counsels against outright dismissal").  In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 13-00915-CJC(JPRx)                          Date: March 25, 2013
                                                                                                       Page 6

the event the New York court determines it does not have jurisdiction over KTS, the stay can be lifted and the instant case may proceed. If the New York court decides it does have jurisdiction, this action can be dismissed or transferred and consolidated with the New York Action.[2] *See id.*

## CONCLUSION

       For the foregoing reasons, Defendants' motion is **GRANTED**. This action is hereby **STAYED** pending a decision by the New York Court regarding whether it has jurisdiction over KTS and Mr. Ton. The EMI Entities shall file a status report with this Court in sixty (60) days regarding the status of the New York Action, and shall inform the Court if the New York court resolves the jurisdictional issue before that time. Following the resolution of the jurisdictional issue, the Court will determine whether to dismiss this action, transfer it to New York to be consolidated with the first-filed action, or allow it to proceed in this district.

jmc

MINUTES FORM 11
CIVIL-GEN                                                                              Initials of Deputy Clerk MU

---

[2] Because the first-to-file rule applies, the Court does not reach the parties' arguments regarding transfer under 28 U.S.C. § 1404 and whether KTS' claims are legally baseless or are at most compulsory counterclaims. It will do so if necessary if it ultimately retains jurisdiction over this action.