MARC E. MAYER (190969)
  mem@msk.com
ELAINE K. KIM (242066)
  ekk@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants
EMI Blackwood Music Inc.; EMI April Music Inc.; Colgems-EMI Music Inc.; EMI Gold Horizon Music Corp.; EMI U Catalog Inc.; EMI Unart Catalog Inc.; Jobete Music Co. Inc.; Stone Diamond Music Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KTS KARAOKE, INC., a California corporation; and TIMMY SUN TON, individually,<br><br>             Plaintiffs,<br>     v.<br><br>EMI BLACKWOOD MUSIC INC., a Connecticut corporation; EMI APRIL MUSIC INC., a Connecticut corporation; COLGEMS-EMI MUSIC INC., a Delaware corporation; EMI GOLD HORIZON MUSIC CORP., a New York corporation; EMI U CATALOG INC., a New York Corporation; EMI UNART CATALOG INC., a New York corporation; JOBETE MUSIC CO. INC., a Michigan corporation; STONE DIAMOND MUSIC CORPORATION, a Michigan corporation; and DOES 1 to 10, inclusive,<br><br>             Defendants. | CASE NO. CV13-00915 CJC (JPRx)<br><br>Hon. Cormac J. Carney<br><br>**ANSWER TO COMPLAINT** |

Defendants EMI Blackwood Music Inc.; EMI April Music Inc.; Colgems-EMI Music Inc.; EMI Gold Horizon Music Corp.; EMI U Catalog Inc.; EMI Unart Catalog Inc.; Jobete Music Co. Inc.; Stone Diamond Music Corporation (collectively, "Defendants"), for themselves and for no other defendants, hereby respond to the First Cause of Action in the Complaint filed by Plaintiffs KTS Karaoke, Inc. and Timmy Sun Ton (collectively, "KTS") on February 7, 2013.

Defendants do not respond to the allegations contained in the Second Cause of Action in the Complaint, which has been dismissed with prejudice by the Court.

Defendants deny all allegations not specifically admitted herein, and deny that KTS is entitled to any relief whatsoever.

## ANSWER

## IDENTITY OF THE PARTIES

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and on that basis, deny said allegations.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and on that basis, deny said allegations.

3. Defendant EMI Blackwood Music Inc. admits that it is a Connecticut corporation, and that it has an office at 10635 Santa Monica Blvd., Suite 300, Los Angeles, California 90025. Except as expressly admitted, Defendants deny the allegations in Paragraph 3.

4. Defendant EMI April Music Inc. admits that it is a Connecticut corporation, and that it has an office at 10635 Santa Monica Blvd., Suite 300, Los Angeles, California 90025. Except as expressly admitted, Defendants deny the allegations in Paragraph 4.

5. Defendant Colgems-EMI Music Inc. admits that it is a Delaware corporation with its principal place of business in New York, New York, and that it has an office at 10635 Santa Monica Blvd., Suite 300, Los Angeles, California 90025. Except as expressly admitted, Defendants deny the allegations in Paragraph 5.

6. Defendant EMI Gold Horizon Music Corp. admits that it is a New York corporation with its principal place of business in New York, New York, and that it has an office at 10635 Santa Monica Blvd., Suite 300, Los Angeles, California 90025. Except as expressly admitted, Defendants deny the allegations in Paragraph 6.

7. Defendant EMI U Catalog Inc. admits that it is a New York corporation with its principal place of business in New York, New York, and that it has an office at 10635 Santa Monica Blvd., Suite 300, Los Angeles, California 90025. Except as expressly admitted, Defendants deny the allegations in Paragraph 7.

8. Defendant EMI Unart Catalog Inc. admits that it is a New York corporation with its principal place of business in New York, New York, and that it has an office at 10635 Santa Monica Blvd., Suite 300, Los Angeles, California 90025. Except as expressly admitted, Defendants deny the allegations in Paragraph 8.

9. Defendant Jobete Music Co. Inc. admits that it is a Michigan corporation, and that it has an office at 10635 Santa Monica Blvd., Suite 300, Los Angeles, California 90025. Except as expressly admitted, Defendants deny the allegations in Paragraph 9.

10. Defendant Stone Diamond Music Corporation admits that it is a Michigan corporation, and that it has an office at 10635 Santa Monica Blvd., Suite 300, Los Angeles, California 90025. Except as expressly admitted, Defendants deny the allegations in Paragraph 10.

# FIRST CAUSE OF ACTION

## (Declaration of Lack of Standing, Non-Infringement And/or Limitations of Liability)

11.  Defendants repeat and incorporate herein their responses contained in Paragraphs 1-10, as though fully set forth herein.

12.  Defendants admit that KTS is a distributor of karaoke related products.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and on that basis, deny said allegations.

13.  Defendants admit that they filed a lawsuit in the U.S. District Court for the Southern District of New York, <u>EMI Blackwood Music Inc., et al. v. KTS Karaoke, Inc.</u>, Case No. 13 CIV 749 (S.D.N.Y.) (the "New York Action"), and allege that the Complaint filed in the New York Action speaks for itself and that the New York Action has been dismissed as against KTS.  Except as expressly admitted or alleged, Defendants deny the allegations contained in Paragraph 13.

14.  Defendants deny the allegations contained in Paragraph 14.

15.  Defendants deny the allegations contained in Paragraph 15.

16.  Paragraph 16 contains legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

17.  Defendants admit that they filed the New York Action, and allege that the Complaint filed in the New York Action speaks for itself and that the New York Action has been dismissed as against KTS.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 regarding what KTS believes, and on that basis, deny said allegations.  Except as expressly admitted, alleged, or denied on the basis of lack of sufficient knowledge or information, Defendants deny the allegations contained in Paragraph 17.

18. Paragraph 18 contains legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

19. Paragraph 19 contains legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

20. Paragraph 20 contains legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

## SECOND CAUSE OF ACTION

### (Unfair Competition and Unfair Trade Practices)

21-26. No response is required to Paragraphs 21 through 26 of the Complaint, as the Second Cause of Action has been dismissed with prejudice by the Court.

## AFFIRMATIVE DEFENSES

As separate and distinct defenses to KTS's Complaint, Defendants allege the following, without admission that such allegations are affirmative defenses on which they bear the burden of proof as opposed to denials of matters as to which KTS bears the burden of proof:

### First Affirmative Defense

(Failure to State a Claim)

1. KTS's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

(Lack of Subject-Matter Jurisdiction)

2. The Court lacks subject-matter jurisdiction over KTS's Complaint, including because there does not exist a live case or controversy and the issues presented in the Complaint are not ripe for adjudication.

### Third Affirmative Defense

(Unclean Hands)

3. KTS's Complaint is barred, in whole or in part, by reason of KTS's unclean hands, including its willful and deliberate infringement of Defendants' copyrights.

### Fourth Affirmative Defense

(Laches)

4. KTS's Complaint is barred, in whole or in part, by the doctrine of laches.

### Fifth Affirmative Defense

(Estoppel)

5. KTS's Complaint is barred, in whole or in part, by the doctrine of estoppel.

### Sixth Affirmative Defense

(Res Judicata / Collateral Estoppel)

6. KTS's Complaint is barred, in whole or in part, by the doctrines of res judicata and collateral estoppel. Defendants' claims asserted against KTS in the New York Action were settled and dismissed. In addition, the issues raised in KTS's Complaint have been adjudicated against KTS, including in KTS Karaoke, Inc., et al. v. Sony/ATV Music Publishing, LLC, et al., No. CV-12-00014-MWF (JEMx) (C.D. Cal.).

### PRAYER FOR RELIEF ON COMPLAINT

WHEREFORE, Defendants request relief on KTS's Complaint as follows:

A. That KTS take nothing by its Complaint, and that the Complaint, and each claim for relief therein, be dismissed with prejudice, or alternatively that the Court declare that:

1. Defendants have the requisite copyright ownership interests in the works at issue and thus have standing to assert claims with respect to those works;
2. KTS's products infringe the rights of Defendants; and
3. KTS's infringement did not occur as a result of Defendants' actions and/or inaction in allowing the subject karaoke discs to be placed in the stream of commerce without taking reasonable steps to stop their manufacture and distribution at the source;
4. Defendants are entitled to recovery for KTS's infringement; and
5. KTS is not entitled to any judgment against Defendants;

B. For Defendants' full costs incurred herein;

C. For Defendants' attorneys' fees as appropriate; and

D. For such other relief as the Court deems just and proper.

DATED: January 17, 2014

RESPECTFULLY SUBMITTED,

MARC E. MAYER
ELAINE K. KIM
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Marc E. Mayer
　　Marc E. Mayer
　　Attorneys for Defendants
　　EMI Blackwood Music Inc.; EMI April Music Inc.; Colgems-EMI Music Inc.; EMI Gold Horizon Music Corp.; EMI U Catalog Inc.; EMI Unart Catalog Inc.; Jobete Music Co. Inc.; Stone Diamond Music Corporation